IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| Marie Elaine Burns, | : | |
| Debtor | : | Case No. 1:19-bk-04318-HWV |

DEBTOR'S AFFIDAVIT IN SUPPORT OF
MOTION TO EXTEND AUTOMATIC STAY

I, Marie Elaine Burns, swear or affirm that the following is true and correct to the best of my knowledge, information, and belief:

1. I filed this bankruptcy case on October 4, 2019; I had a Chapter 13 case (1:17-bk-02903) pending within the one year period before I filed this case.

2. I filed both cases in good faith.

3. When I filed my prior case on July 10, 2017, my household had sufficient funds with which to complete my Chapter 13 Plan; however I was self-employed during the pendency of 1:17-bk-02903, my business focused solely on "pet-sitting", many clients were slow to pay, and as a result I developed an inability to maintain my Chapter 13 Plan payment obligations.

4. Consequently, I converted my Chapter 13 case to one under Chapter 7 and obtained a discharge of my unsecured debts.

5. In addition, with respect to my need to convert to Chapter 7 and abandon my Chapter 13 Plan, the communication between my previous lawyer and myself was not the best and I believe this detracted from smooth completion of my Chapter 13 Plan(s).

6. My _monthly net income available for Plan payments has increased_, to wit:

    a. During 1:17-bk-02903, I had self-employment net pre-tax income (purely from pet-sitting) of approximately $2,200, with business

expenses of approximately $500 monthly, resulting in net monthly business profit of approximately $1,700;

b. During 1:17-bk-02903, I had monthly household expenses that included un-escrowed homeowner's insurance of $120, a telephone & internet expense of $226, a clothing expense of $50, a $200 transportation expense, and vehicle insurance of $368;

c. Since the pendency of 1:17-bk-02903, I have *increased my business income* by broadening my services to include remote office support, and reduced my pet-sitting activities, resulting in an overall increase of business gross revenue of approximately $600 monthly;

d. Since the pendency of 1:17-bk-02903, I have *decreased my business expenses* because the remote office support does not require travel and the pet-sitting did: my business expenses have declined $400 monthly as a consequence;

e. Since the pendency of 1:17-bk-02903, my winnowing out of certain pet-sitting customers and care in taking on remote office support customers has resulted in a *reduction of slow-pay accounts.*

f. Since the pendency of 1:17-bk-02903, I have *decreased my monthly household expenses*, e.g. my homeowner's insurance is of $70, my telephone & internet expense is $182, my clothing expense is $25, my transportation expense is $100, and vehicle insurance of $133 monthly.

7. Moreover, for whatever reason, I now have a clearer understanding of what will be paid through my Chapter 13 Plan and what my monthly Plan payments will be and why, without whatever the communication problem may have been between myself and prior counsel.

8. Finally, my Chapter 13 Plan payments now will be automatically withdrawn from my bank account using the TSF website, facilitating regular payments.

For the above reasons, it is substantially likely that the instant case will succeed despite my previous Chapter 13 case having been unsuccessful.

I declare under penalty of perjury that I have read the foregoing Affidavit and the statements therein are true and correct to the best of my knowledge, information, and belief. *Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Date: 10/16/19

Marie Elaine Burns

Commonwealth of Pennsylvania :
: SS
County of York :

Personally appeared before me this 16th day of October, 2019, Marie Elaine Burns, known to me to be the person who signed and executed the foregoing Affidavit; and having first made known to her the contents thereof, she personally acknowledged to me and before me that she signed and sealed the same, on the date it bears, as her free and voluntary act and deed, without any compulsion, constraint, apprehension, fear, or past, present or future consideration therefor implied nor inferred, for the uses and purposes expressed therein.

Notary Public

My Commission Expires:

Nov. 18, 2019

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Wanda L. Stahle, Notary Public
West York Boro, York County
My commission expires November 18, 2019